IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS GOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-CV-725-WKW |
| | ) [WO] |
| HOUSTON COUNTY JAIL, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Plaintiff Marcus Golden, an inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983. (Doc. # 1.) Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. # 2), but the motion was not accompanied by an account statement as required by 28 U.S.C. § 1915(a)(2).[1] Thus, on November 18, 2024, the court issued an Order directing Plaintiff to file the requisite statement on or before December 2, 2024. (Doc. # 3.) When Plaintiff failed to do so, the court issued a second Order directing Plaintiff to either file the account statement or show cause for his failure to do so on or before January 10, 2025. (Doc. # 4.) The court specifically cautioned Plaintiff that his failure to comply with the court's orders

---

[1] Section 1915(a)(2) provides that "[a] prisoner seeking to bring a civil action or appeal a judgment in a civil action or proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

would result in dismissal of this case. (Doc. # 3 at 2; Doc. # 4 at 2.) Nevertheless, nearly one month has passed since the January 10 deadline, and Plaintiff has not filed an account statement or otherwise responded to the court's orders.[2]

Because Plaintiff has failed to comply with the court's orders, this case will be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff has failed to comply despite the court's clear admonition, sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

---

[2] Additionally, Plaintiff was ordered to immediately inform the court of any change in his address and cautioned him that failure to provide an updated address within ten days following a change would result in dismissal of this action. (Doc. # 3 at 2.) Nevertheless, the United States Postal Service returned mail sent to Plaintiff at his last provided service address as undeliverable (Doc. # 5), which indicates that Plaintiff is no longer located at that address. This action cannot proceed if Plaintiff's whereabouts are unknown.

Accordingly, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 11th day of February, 2025.

                                        /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE